

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:04CR250-V

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **PRELIMINARY ORDER** |
| v. ) | **OF FORFEITURE** |
| ) | |
| (6) JACQUES MAULICE DEGREE ) | |

In the First Superseding Bill of Indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 21 U.S.C. §853(a) as property that was proceeds of and/or was used to facilitate the drug crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant entered into a plea agreement; subsequently pled guilty to Count One in the First Superseding Bill of Indictment; and was adjudged guilty of the offense charged in that count. In the plea agreement, defendant has agreed to forfeit specific property as described below.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

    a. $350,000 in drug proceeds.

    b. One 1999 Ford Expedition, VIN 1FMRU17L9XLA54385, in the name of Lashonda Danielle McSwain.

    c. One 1997 Suzuki GSX-R600, VIN JS1GN78A8V2100648, in the name of Jacques Maulice Degree.

d. One 1998 Dodge Durango, VIN 1B4HS28Y9WF160187, in the name of Jacques Maulice Degree.

e. One 1997 Dodge Dakota, VIN 1B7GL23X7VS193382, in the name of Jacques Maulice Degree.

f. $13,000 in United States currency seized on April 1, 2004.

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. §853(n).

This the _1st_ day of _May_, 2005.

_\[signature\]_

UNITED STATES DISTRICT JUDGE