UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:04CR250-C

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| (6) JACQUES MAULICE DEGREE | ) | |

In the First Superseding Bill of Indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 21 U.S.C. §853(a) as property that was proceeds of and/or was used to facilitate the drug crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant entered into a plea agreement; subsequently pled guilty to Count One in the First Superseding Bill of Indictment; and was adjudged guilty of the offense charged in that count.

On May 11, 2005, this Court entered a preliminary order of forfeiture as to property of defendant including the sum of $350,000 in criminal proceeds. Because these funds have not been recovered, the government has moved in accordance with 21 U.S.C. §853(p) for a preliminary order forfeiting certain other property of the defendant as substitute property.

Based on an affidavit submitted with the government's motion, it appears that the requirements of §853(p) have been satisfied.

It is therefore ORDERED that the following property belonging to defendant is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n): the sum of $8598 as part of $9198 in United States currency found on or about October 6, 2004, in a freezer in defendant's residence in Shelby, North Carolina.

Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

Signed: April 26, 2006

_____
Robert J. Conrad, Jr.
United States District Judge