IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr250

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>JACQUES MAULICE DEGREE (6) )<br>_____ ) | <u>ORDER</u> |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine, (Doc. No. 641), the government's response, (Doc. No. 648), and the defendant's reply, (Doc. No. 649).

The defendant pled guilty to conspiring to possess at least 50 grams of cocaine base with intent to distribute. (Doc. No. 421: Judgment at 1; Doc. No. 215: Plea Agreement at 1). Because of the defendant's prior convictions for felony drug offenses, (Doc. No. 12: Notice), the parties recognized that the defendant faced a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). (Doc. No. 215: Plea Agreement at 1). Thus, the otherwise applicable Guidelines range was trumped by the statutory mandatory minimum. USSG §5G1.1(c)(2). The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 353: Motion). After granting the motion, the Court sentenced the defendant to 210 months' imprisonment. (Doc. No. 421: Judgment at 2).

In determining whether the defendant is entitled to a further reduction under the amendments to the guidelines, the Court must calculate the guideline range as if the amendments had been in place at the time of sentencing. USSG §1B1.10(b)(1). If a statutory mandatory

minimum exceeds the guideline range, the Court must use the statutorily required sentence as the starting point prior to considerations of departure. USSG §5G1.1(b); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). No reduction in sentence is authorized under 18 U.S.C. § 3552(c)(2) when an amendment has no effect because a statutory mandatory minimum prevents lowering the guideline range. USSG §1B1.10, comment. (n.1(A)(ii)); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009).

Here, the amendment provides for a two-level reduction in offense level under the otherwise applicable guideline, but the resulting range remains trumped by the mandatory life sentence prior to considerations of departure. Therefore, the defendant is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge