IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00295-RJC
(3:04-cr-00250-RJC-6)

| | |
|---|---|
| JACQUES MAULICE DEGREE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon consideration of Petitioner's Motion to Vacate, Set Aside or Correct sentence, which is filed pursuant to 28 U.S.C. § 2255, and his alternative claims for relief under to 28 U.S.C. § 2241, and pursuant to petitions for writs of coram nobis and audita querela. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed and his alternative claims for relief will be denied.

I. BACKGROUND

Petitioner was charged in a Superseding Bill of Indictment in this District with one count of conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine, and more than 50 grams of cocaine base, all in violation of 21 U.S.C. §§ 846 and 841. It was further alleged that it was reasonably foreseeable to Petitioner that at least 1.5 kilograms of cocaine base was involved in the conspiracy (Count 1). (3:04-cr-00250, Doc. No. 104: Superseding Bill of Indictment at 2-3). The Bill of Indictment also charged Petitioner with eight counts of possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C.

1

§ 841 and 18 U.S.C. § 2 (Counts 17, 19, 20 21, 23, 24, 25, and 26); and two counts of possession with intent to distribute cocaine base, in violation of § 841. (Counts 18 and 22).[1]

Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to Count 1 in the Superseding Bill of Indictment in exchange for the dismissal of the remaining counts against him if his guilty plea was accepted. The plea agreement provided that Petitioner would stipulate that the amount of cocaine base that was known or reasonably foreseeable to him in the conspiracy was at least 50 grams, and Petitioner was informed that he was facing a mandatory term of life imprisonment following his conviction. The plea agreement further provided that Petitioner would waive his right to contest his conviction or sentence on direct appeal or through a collateral proceeding or otherwise, except that he reserved his right to raise claims of prosecutorial misconduct and ineffective assistance of counsel. (Id., Doc. No. 215: Plea Agreement). Petitioner's plea of guilty was accepted following a Plea and Rule 11 hearing after the elements of Count 1 and the potential penalties were explained, and Petitioner averred that he understood the charge and the possible punishment and that he agreed with the terms of plea agreement. In particular, his right to collaterally challenge his sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 224: Entry and Acceptance and Entry of Guilty Plea).

In Petitioner's presentence report ("PSR"), the probation officer calculated a total offense

---

[1] Shortly after the return of the original Bill of Indictment, the Government filed notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on 1997 convictions for possession with intent to sell or deliver cocaine and marijuana, which were sustained in Cleveland County Superior Court in North Carolina, and a 2001 conviction for possession of crack cocaine in York County, South Carolina. (Id., Doc. No. 12). Petitioner's 1997 convictions were consolidated for judgment and he was sentenced to a term of 8 to 10 months' imprisonment. For his 2001 conviction, Petitioner was sentenced to a term of 3-years in prison. (Id., Doc. No. 776: Presentence Report ¶¶ 52, 55).

2

level of 40 and a criminal history category of VI for a Guidelines range of 360 months to life, and the probation officer noted the mandatory statutory term of life imprisonment based on the prior drug convictions which were identified by the Government in the § 851 notice. (Id., PSR ¶¶ 84-85). The probation officer also found that Petitioner qualified as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual ("USSG") based on North Carolina convictions for two counts of possession with intent to sell or deliver cocaine and three counts of possession with intent to sell or deliver marijuana, and the South Carolina conviction for possession of crack cocaine. (Id. ¶ 41).

Prior to sentencing, the Government filed a motion for a downward departure below the statutory maximum pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance. (Id., Doc. No. 353). On December 19, 2005, the Court granted the Government's motion to sentence below the statutory maximum and reduced his total offense level to 38 and sentenced him to a term of 210-months' imprisonment and he appealed, however on April 27, 2006, the Fourth Circuit granted his motion to dismiss the appeal. (Id., Doc. No. 421: Judgment; Doc. No. 459: Fourth Circuit Order).[2]

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to promptly examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing. See Raines

---

[2] The Court denied two post-judgment motions for a sentence reduction which Petitioner filed pursuant 18 U.S.C. § 3852. (Id., Doc. Nos. 704, 728).

v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Section 2255

Petitioner contends that he is entitled to relief from his sentence because his prior drug convictions no longer qualify him for the statutory mandatory minimum sentence to which he was subjected nor do the convictions support his designation as a career offender. Petitioner cites, among other authority, the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), in which the Court held that in order for a prior felony conviction to serve as a federal felony offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The Government has filed a response and a motion to dismiss Petitioner's § 2255 motion as untimely and because Petitioner's expressly waived his right to collaterally challenge his sentence in his plea agreement except on grounds not relevant here. (3:13-cv-00295, Doc. No. 10: Motion to Dismiss *and Response to Motion to Vacate*). Petitioner did not file a reply.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was filed on March 28, 2006, and his appeal was dismissed by the Fourth Circuit in April 2006, therefore his § 2255 motion, which was filed on May 15, 2013, is filed roughly six years out-of-time and is therefore untimely under § 2255(f)(1). Section 2255(f)(2) is clearly inapplicable to Petitioner's case, and his motion is untimely under § 2255(f)(3) because his claim does not depend upon a retroactive Supreme Court decision. Finally, Petitioner's claim is untimely under § 2255(f)(4) because it does not depend on "facts" that have occurred in Petitioner's own case. See Whiteside v. United States, 775 F.3d 180, 183-87 (4th Cir. 2014) (en banc) (holding that new legal holdings, other than rulings in the petitioner's own case, do not constitute new "facts" under § 2255(f)(4)).[3] The Court also finds that Petitioner is not entitled to equitable tolling of the one-year statute of limitation. See Whiteside, 775 F.3d at 184-85 (rejecting equitable tolling when petitioner could have presented his claim in a timely fashion,

---

[3] Petitioner's case was held in abeyance pending the disposition of the Whiteside decision.

notwithstanding adverse precedent and long-odds against relief).

Petitioner's § 2255 motion is also due to be dismissed because he expressly waived his right to contest his sentence in a collateral proceeding in his plea agreement. At the conclusion of his Plea and Rule 11 hearing, the magistrate judge concluded that Petitioner's decision to waive his right to challenge his sentence was knowing and voluntary and this Court affirmed that conclusion at the outset of his sentencing hearing. It is well-settled that a defendant may waive his right to contest his sentence in a § 2255 proceeding so long as the decision to forego such a right is knowing and voluntary. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Based on the foregoing, the Court finds that Petitioner's § 2255 motion should be dismissed.

B.     Section 2241

A petitioner may proceed, however, under § 2241 in an effort to challenge his conviction or sentence but only if the petitioner can demonstrate that a remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

Petitioner's claim fails here because he cannot show that § 2255 is inadequate to challenge

6

his sentence therefore his § 2241 petition will be denied.

C.   Coram Nobis

Relief pursuant to a writ of coram nobis should be limited to petitioners that are no longer in custody following their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 635 n.4 (3rd Cir. 2011) ("The writ of error *coram nobis* 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer 'in custody' for purposes of 28 U.S.C. § 2255.'") (internal citations omitted), abrogated on other grounds by, Chaidez v. United States, 133 S. Ct. 1103 (2013). Petitioner's claim here will be dismissed as he remains in the custody of the Federal Bureau of Prisons.

D.   Audita Querela

Finally, the Court finds that the writ of audita querela is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255). For the reasons stated, the petition for a writ of audita querela will be denied.

IV.   CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief and his § 2255 motion will be dismissed and his alternative claims for relief will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss is **GRANTED**. (Doc. No. 10).

2. Respondent's Motion for Extension of Time is **GRANTED**. (Doc. No. 11).

3. Petitioner's Motion to Vacate is **DISMISSED with prejudice**. (Doc. No. 1).

4. Petitioner's alternative claims for relief are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: November 30, 2015

Robert J. Conrad, Jr.
United States District Judge